**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **JOHN DOE,** | | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL CASE NO.** |
| **v.** | ) | |
| | ) | **JUDGE** |
| **UNIVERSITY HOSPITALS HEALTH SYSTEM, INC.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | | |

---

**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**

---

Plaintiff John Doe ("John" or "Plaintiff"), through undersigned counsel, seeks permission to file his Verified Complaint in the above-captioned matter as a pseudonymous plaintiff, and he seeks a protective order. In this case, John appropriately seeks to proceed under pseudonym according to Sixth Circuit precedent, where his "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir.2004).

Plaintiff's identity, as described in the Verified Complaint, should not be disclosed to the public due to the nature of the declarations in said Verified Complaint. Additionally, Plaintiff is prepared to provide a statement of his true identity under seal, and in accordance with the terms of a protective order. The reasons for this Motion are more fully set forth in the attached Memorandum of Law.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**
*/s/ Anna E. Bullock*

SUSAN C. STONE (OH 64445)
KRISTINA W. SUPLER (OH 80609)
ANNA E. BULLOCK (0100008)
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: scs@kjk.com; kws@kjk.com; aeb@kjk.com

*Counsel for Plaintiff John Doe*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL CASE NO.** |
| | ) | |
| **v.** | ) | **JUDGE** |
| | ) | |
| **UNIVERSITY HOSPITALS HEALTH SYSTEM, INC.** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

## I. INTRODUCTION

John Doe ("John" or "Plaintiff") is a second-year resident in the Neurology residency program through Case Western Reserve University at University Hospitals (the "Hospital" or "Defendant"). This case arises from a deficient Title IX process resulting first in an erroneous finding of responsibility against John, then, after John raised glaring procedural errors and submitted a successful appeal, Defendant placed John on administrative leave pending resolution of a second Title IX process. John has objected to his placement on administrative leave, noting that no individualized safety assessment had been done and further that John had been permitted to work during the pendency of the initial investigation,

but Defendant has denied his request to return. Due to Defendant's conduct, John is losing out on critical time in pursuit of his medical education, jeopardizing not only his continued medical studies, but also his ability to remain in the United States.

John is a Saudi Arabian national and an international medical graduate on a J-1 visa. The Title IX allegations against him stemmed from an overnight shift on February 26, 2026, that he worked with co-resident Jane Doe. Although Jane never filed a formal complaint, the Hospital's Deputy Title IX Coordinator signed one on her behalf, alleging unwelcome sexual comments and non-consensual touching. John denies any physical contact with Jane. In connection with the Title IX process, surveillance footage revealed the two walking together calmly before and after roughly twenty minutes in an on-call room, with no sign of distress on the part of Jane.

John's Title IX process thus far has been fundamentally unfair and stacked against him. He has already been through one flawed process and successfully appealed, but the remand proceeding proposed still violates Title IX requirements and will deny John a live hearing.

In the initial process, John was denied a live hearing, any opportunity to cross-examine Jane or other witnesses, and was denied meaningful access to the actual evidence (he received only still images of security camera footage, not the full videos or text messages the investigator relied upon). During the initial process, the Title IX decision-maker credited Jane's account despite several material inconsistencies, including a two-hour discrepancy in

her report of the timing of the alleged incident, disregarded exculpatory evidence such as her recent nomination of John for Resident of the Month, and that Jane misread John's culturally-informed offers of food as intimidation. On July 1, 2026, the decision-maker found John responsible and imposed dismissal from the residency program. John appealed on July 15, demanding, among other things, compliance with Title IX requirements, meaningful access to the evidence, an opportunity to conduct cross-examination, and the opportunity for a live hearing.

John's appeal was granted in part on August 5, 2026. The appeal decision claimed that a live hearing was not required because the Hospital's residency program is not a post-secondary institution subject to that requirement, citing commentary in the Federal Register. John and his counsel dispute this conclusion, asserting that a live hearing is required based on federal precedents clearly classifying medical residents as students. As students, medical residents are entitled to Title IX procedural protections.[1]

Even excepting the denial of a live hearing process, John's original Title IX process was marred by additional procedural deficiencies that materially affected the outcome. In particular, the appeal decision-maker confirmed that neither party was permitted to inspect and review the evidence gathered during the investigation, including the surveillance footage, before the determination was issued, and that neither party received the final

---

[1] *See* Motion for Temporary Restraining Order and Preliminary Injunction filed concurrently with this Motion.

investigation report or was afforded the opportunity to submit written questions to the witnesses.

Because the determination against John rested almost exclusively on the decision-maker's resolution of the parties' competing credibility, the appeal decision-maker concluded that the denial of any opportunity to test that credibility was a procedural deficiency that materially affected the outcome. In reaching this conclusion, the appeal decision quotes federal caselaw emphasizing the centrality of cross-examination in just these types of cases, noting "[c]ross-examination in situations in which there are competing narratives is '"the greatest legal engine ever invented" for uncovering the truth.' *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018) (quoting *Doe v. Univ. of Cincinnati*, 872 F.3d 393, 401-402 (6th Cir. 2018)."

Several additional issues raised in John's appeal remain open for development on remand. Having found that John established one or more permissible grounds for appeal that materially affected the outcome, the appeal decision-maker remanded the matter for further investigation, directing that both parties be given the opportunity to review all of the evidence in its entirety, to respond and submit written questions before the investigation report is completed, and to submit written questions and limited follow-up questions.

The complaint in this case asserts five counts: (1) gender discrimination under Title IX, invoking both an erroneous-outcome theory and selective enforcement; (2) Title IX retaliation for participating in the process and appealing; (3) breach of contract for violating

the promised procedural protections in University Hospitals Policy NDH-02; (4) national-origin discrimination under Title VI based on the treatment of his cultural conduct; and (5) breach of the implied covenant of good faith and fair dealing.

John seeks injunctive relief to stop his administrative leave and exclusion from the residency program, to mandate the provision of a live hearing before a neutral outside decisionmaker, compensatory damages, costs, attorney fees, and a jury trial. The stakes for John could not be higher, as the decision in this case places his reputation, his future, his visa status, his ability to remain in the United States, and his medical career at stake.

## II. LAW AND ARGUMENT

John asks that he be permitted to proceed in the above-captioned matter anonymously because the circumstances of this case are such that requiring him to proceed under his own name would disclose information of the utmost personal intimacy, including Title IX education records protected from disclosure by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 CFR Part 99. John also seeks to protect the identity of Jane Roe.

Courts have long permitted parties to use pseudonyms when necessary to protect privacy and reputational interests. *See, e.g., Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997) ("litigants may have a strong interest in protecting their privacy"); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) ("[t]he ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which

outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.") (citation omitted); *Doe v. Von Eschenbach*, No. 062131 (RMC), 2007 WL 1848013, at *1-2 (D.D.C. June 27, 2007) (noting that the use of pseudonyms "has been permitted where the issues are matters of a sensitive and highly personal nature" and observing that the "presumption of openness" must be balanced with a plaintiff's privacy rights) (citation omitted).

Although Fed. R. Civ. P. 10(a) requires that a complaint name all of the parties, a "court may allow a party to proceed by pseudonym where 'privacy interests substantially outweigh the presumption of open judicial proceedings.'" *Doe v. Mechanicsburg School Bd. of Edn.*, 518 F. Supp. 3d 1024, 1026-1027 (S.D.Ohio 2021)(quoting *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). The decision to grant such an exemption lies within the court's discretion. *Id.*. In exercising its discretion, this Court is required to balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure. *In re Polemar Constr. Ltd. P'ship*, 23 Fed. App'x 423, 425 (6th Cir. 2001).

John acknowledges that there is a strong public policy in favor of public access to judicial proceedings; however, John suggests that this case falls within the exception that parties "are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this policy." *Citizens for a Strong Ohio v. Marsh*, 123 Fed. App'x 630, 636 (6th Cir. 2005). The Sixth Circuit has stated that this Court should consider, among other factors, "whether prosecution of the suit will compel the [party] to disclose information of the utmost intimacy." *Id.* (quoting *Porter*, 370 F.3d at 560). In this case, the disclosure of John's

name would forever associate him with Jane's allegation of sexual misconduct, which forms the basis for Defendant's unlawful actions against him. As a result, John would suffer public embarrassment and irreparable harm to his medical career and reputation. This public embarrassment and irreparable harm extends to Jane. Thus, the Court should grant John's motion in order to protect her identity as well.

Maintaining the confidentiality of John's identity in this litigation is consistent with federal policy as expressed by FERPA. This case involves student disciplinary records created and maintained pursuant to Title IX. The confidentiality of university disciplinary records is well established. *See United States v. Miami Univ.*, 294 F.3d 797, 812 (6th Cir. 2002) (noting that Congress "intend[ed] to include student disciplinary records within the meaning of 'education records' as defined by the FERPA"). Defendant will not suffer any harm by permitting John to proceed as a John Doe, as Defendant is aware of his identity and the identity of Jane Roe.

Indeed, the weight of authority from various district courts within this Circuit weighs in favor of allowing John to proceed under a pseudonym. *See, e.g.*, *Doe v. College of Wooster, et al.*, Case No. 5:17-cv-00323, ECF No. 29 (N.D. Ohio April 4, 2017); *Doe v. Oberlin College*, Case No. 1:17-cv-01335, ECF No. 9 (N.D. Ohio July 11, 2017); *Doe v. University of Cincinnati*, Case No. 1:15-cv-681, ECF No. 13 (S.D. Ohio December 22, 2015), *Doe v. Alger*, 317 F.R.D. 37, 42 (W.D. Va. 2016) ("[T]he court concludes that Doe's privacy interest outweighs the presumption of openness in judicial proceedings and that he may thus proceed anonymously in this case. The court also finds good cause to protect Roe and the other students involved

in the disciplinary proceedings, and so the use of their real names will be prohibited as well.").

As the foregoing authorities demonstrate, John's privacy interest outweighs the public's interest in open court proceedings and protection of John's identity will not prejudice Defendant. Moreover, John is seeking to protect both his identity and the identity of Jane Roe. *See Alger*, 317 F.R.D. at 40 ("Further, while Doe's identification would not necessarily lead to Roe's identification, too, it would certainly make it more likely. Upon learning Doe's identity, persons who know him or know of him may put two and two together and work out Roe's identity.").

## III. CONCLUSION

Plaintiff has met his burden to rebut the presumption of openness in litigation proceedings by setting forth his compelling privacy interest in his own anonymity. Similarly, John has demonstrated that Jane Roe is appropriately referenced in an anonymized manner. John respectfully requests authorization to proceed under pseudonym in this matter, to use the pseudonym "Jane Roe" to reference the other student involved in the Title IX proceedings underlying his complaint, and authorization pursuant to a protective order to submit proof of his identity and his Complaint exhibits under seal.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**
*/s/ Anna E. Bullock*

SUSAN C. STONE (OH 64445)
KRISTINA W. SUPLER (OH 80609)
ANNA E. BULLOCK (0100008)
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: scs@kjk.com; kws@kjk.com; aeb@kjk.com

*Counsel for Plaintiff John Doe*

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September, 2026, I caused a copy of the Plaintiff's Motion to Proceed Under Pseudonym to be electronically filed with the Clerk of the United States District Court for the Northern District of Ohio using the CM/ECF system, which will send notification of such filing to all parties that have appeared in this action. Further, by email consent, this pleading was served upon counsel for University Hospitals Health System, Inc. via email:

David A. Campbell
Gordon Rees Scully Mansukhani
127 Public Square, Ste. 5130,
Cleveland, OH, 44114
dcampbell@grsm.com

*/s/ Anna E. Bullock*
ANNA E. BULLOCK (0100008)