**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRCT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY HOSPITALS HEALTH SYSTEM, INC.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 1:26-cv-02126<br><br>JUDGE CHARLES E. FLEMING |

**DEFENDANT'S MEMORANDUM IN OPPOSITION**
**TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

**AND**

**CONSENT TO MOTION FOR PROTECTIVE ORDER AS TO**
**OTHER EMPLOYEES OF UHCMC**

## I. INTRODUCTION

Defendant University Hospitals Health System, Inc. ("UHHS" or "Defendant") does not oppose the request to reference the victim of the actions of Plaintiff John Doe ("Plaintiff") as Jane Roe. The victim is no longer an employee of University Hospitals Cleveland Medical Center ("UHCMC") and she should not be further harmed by Plaintiff.

As to Plaintiff, however, Plaintiff is an employee of UHCMC and this is a standard employment matter. *Lakoski v. James*, 66 F.3d 751, 753 (5th Cir. 1995). Other doctors and employees file lawsuits against UHCMC and those individuals do not proceed under pseudonyms. Plaintiff simply cannot meet the factors set forth in *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) to proceed under a pseudonym. Accordingly, as to Plaintiff, the Motion (Doc. #3) should be denied and Plaintiff should be directed to refile the Complaint in his legal name.

## II. RELEVANT FACTS

### A. Plaintiff Is A Current UHCMC Employee.

Plaintiff recently completed his second-year (PGY-2) in the Case Western Reserve University/University Hospitals Cleveland Medical Center Neurology Residency program (the "Residency Program"). (Complaint at ¶8). The Complaint names UHHS as a defendant, but it does not define UHHS or refer to UHHS directly in the allegations. (Complaint). Attached hereto as Exhibit 1 is Plaintiff's Residency Program contract that verified Plaintiff is an employee of UHCMC, not UHHS. (Exhibit 1, Residency Program contract).

### B. Other Employees And Doctors File Lawsuits Against UHCMC Without Pseudonyms.

This Motion argues that "Plaintiff's identity, as described in the Verified Complaint, should not be disclosed to the public due to the nature of the declarations in said Verified Complaint." (Doc. #3, pg. i). However, Plaintiff took a different position when arguing an injunction should be issued by this Court. (Doc. #2). Specifically, Plaintiff explicitly alleges in his motion for an injunction that his coworkers are aware of these issues due to his leave of absence. (Doc. #2, pg. 18 ("Furthermore, John's removal creates the false impression among his colleagues that he has been determined either 1) to be a threat sufficient to justify this removal or 2) that John has been found responsible for a Title IX violation")).

The UH hospital system employs tens of thousands of employees. Currently pending are several lawsuits filed by former employees and physicians in their legal names. In fact, a former resident, Nicholas Krudy, filed a state court lawsuit in his legal name: *Nicholas Krudy, MD v. University Hospitals Health Systems, Inc.*, Cuyahoga County Court of Common Pleas, Case No. CV-25-112548. More importantly, in 2022, this Court denied Dr. Krudy's request to file a lawsuit against UHHS under a pseudonym. *John Koe v. University Hospitals Health System, Inc.*,

Northern District of Ohio, Case No. 1:22-cv-01455. Judge Polster held that Dr. Krudy's privacy interests did not "substantially outweigh the presumption of open judicial proceedings sufficient to warrant anonymity." *John Koe v. University Hospitals Health System, Inc.*, Northern District of Ohio, Case No. 1:22-cv-01455, Doc. #7, pg. 5.

## III. LAW AND ARGUMENT

### A. Legal Standard.

Federal Rule of Civil Procedure 10(a) requires that complaints state the names of all parties. Fed. R. Civ. P. 10(a); *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Requiring complaints to name parties helps ensure fundamental fairness within the legal system and preserves the "presumption of open judicial proceedings." *Doe v. Dabbagh*, No. 15-CV-10724, 2015 WL 13806540 at *1 (E.D. Mich. May 28, 2015). It is the rare exception for a litigant to be allowed to proceed anonymously. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). A court may excuse a plaintiff from identifying himself when his "privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560.

The Sixth Circuit looks to a number of factors when balancing these interests: (1) whether the plaintiff is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child. *Porter* 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981).

**B. <u>Plaintiff's Privacy Interests Do Not Substantially Outweigh The Court's Presumption of Open Judicial Proceedings</u>.**

The factors in *Porter* do not weigh in favor of Plaintiff utilizing a pseudonym. Initially, Plaintiff is not a child and he is not being compelled by this lawsuit to disclose information that could lead to criminal prosecution.

Plaintiff does not identify any particularized privacy interest of the utmost intimacy that substantially outweighs this Court's presumption of open judicial proceedings. Plaintiff's showing in support of his request to proceed anonymously is notably brief:

> In this case, the disclosure of John's name would forever associate him with Jane's allegation of sexual misconduct, which forms the basis for Defendant's unlawful actions against him. As a result, John would suffer public embarrassment and irreparable harm to his medical career and reputation. This public embarrassment and irreparable harm extends [sic] to Jane. Thus, the Court should grant John's motion in order to protect her identity as well.

(Doc. #3, Pgs. 6-7).

This Court need not grant Plaintiff's request in order to protect the complainant's identity. *See Kikuchi v. Perry*, No. No. 16-11182, 2017 WL 411344, at *3 9E.D. Mich. Jan. 31, 2017 (Where the court denied the petitioner's request to use a pseudonym, while ensuring that the victim's name, a non-party, would remain undisclosed). Defendant does not oppose the use of "Jane Roe," and respectfully asks this Court order that her identity not be disclosed during the pendency of this litigation. *See Doe v. Univ. of Detroit Mercy Scho. of Dent.*, 2025 WL 415728 *4 (Feb. 6, 2025) ("The Court agrees with Defendants that Jane Roe's identity should remain protected because there is no legitimate purpose in identifying her since she is the alleged victim of Plaintiff's conduct, and she is not involved in this litigation.") citing *Kikuchi*, 2017 WL 411344, at *3. Nor does Defendant oppose a narrowly tailored protective order in this matter to protect the identities of other non-parties to this action.

Plaintiff avails himself to this Court – prematurely – and raises concerns chiefly premised on public embarrassment and fear of irreparable harm to his professional reputation and future job prospects. "Utmost intimacy" is construed narrowly given the strong preference for open judicial proceedings. *Poe v. Lowe*, 756 F. Supp. 3d 537 (M.D. Tenn. 2024). Sixth Circuit courts have favored anonymity where the plaintiff was likely to be subject to danger or retribution if her identity was revealed, or where the plaintiff was the victim of sexual abuse. *Doe v. Cedarville Univ*., 2024-Ohio-100, 233 N.E.3d 1128.

In *Doe v. University of Detroit Mercy School of Dentistry*, the court rejected plaintiff's request to sue anonymously over reputational and professional concerns, reasoning that "plaintiff is attempting to clear his name of the allegations and save face by using a pseudonym. While the privacy concerns of embarrassment are valid, they do not weigh as heavily as in some other circumstances involving more serious risk of social stigma or disclosure of more intimate personal information." *Doe v. Univ. of Detroit Mercy Scho. of Dent*., 2025 WL 415728 *3; citing *Doe v. N.C. Cent. Univ*., No. 1:98CV01095, 1999 WL 1939248, at *3 (M.D.N.C. April 15, 1999).

As to the "potential impact and negative scrutiny from future employers and schools," the *Detroit Mercy* court similarly found plaintiff's argument unpersuasive, writing that such an 'interest is best understood as an economic one.'" *Doe v. Univ. of Detroit Mercy Scho. of Dent*., 2025 WL 415728 *3, citing *Doe v. Roe*, 319 F. Supp. 3d 422, 428 (D.D.C. 2018). "And a 'threat of economic harm alone does not generally permit a court to let litigants proceed [sic] under pseudonym." *Id*; *see also D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016) (The Sixth Circuit affirmed the denial of request for pseudonym, holding that the plaintiff forfeited his ability to keep secret his actions at the border when he chose to file suit and any potential negative scrutiny did not evidence concerns that outweigh the presumption of open judicial proceeding).

Finally, Dr. Krudy also filed a lawsuit arising out of his UHCMC residency. Judge Polster's analysis is equally applicable to this matter:

> Plaintiff has not alleged, nor does the Court find, that Plaintiff is challenging a governmental activity, that Plaintiff would be compelled to disclose an intention to violate the law, or that Plaintiff is a child. In his motion to proceed anonymously, Plaintiff argues that the pursuit of his claims would compel him to disclose information "of the utmost intimacy," such as conversations pertaining to counseling sessions and medical decisions relating to his health care and treatment. Plaintiff has failed, however, to identify any exceptional circumstances distinguishing his case from other cases brought by plaintiffs alleging disability discrimination who may also have medical records concerning mental health treatment. *See Doe v. Carson*, 6th Cir. No. 19-1566, 2020 U.S. App. LEXIS 14520, at *7 (May 6, 2020) (Doe's disability discrimination case did not present exceptional circumstances distinguishing her case from other cases brought by plaintiffs claiming disability discrimination who suffer from mental illness sufficient to excuse her from Rule 10(a)'s requirement that a plaintiff's complaint "must name all the parties"). Nor has Plaintiff identified any specific harm arising from disclosure of his identity. *See id*. Moreover, Plaintiff's complaint includes many factual allegations that would make identification of Plaintiff relatively simple, including the names of the program director who ordered the EAP assessment and the clinician who conducted the assessment, as well as information concerning Plaintiff's medical license, specialty, and dates of employment.
>
> Having considered the relevant factors, the Court finds that Plaintiff's privacy interests do not substantially outweigh the presumption of open judicial proceedings sufficient to warrant anonymity. Plaintiff's motion to proceed anonymously is therefore denied, and the action is dismissed for lack of jurisdiction. Marsh, 123 Fed. App'x. at 637 (citing *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)) ("the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.").

(Doc. #7, pgs. 4-5).

On appeal, the Sixth Circuit affirmed Judge Polster's pseudonym ruling. Case: 24-3263 Document: 50-1. As with Dr. Krudy, Plaintiff has not proven privacy interests sufficient to permit

him to utilize a pseudonym. Accordingly, this Court should deny Plaintiff's Motion (Doc. #3) and Plaintiff should be directed to refile the Complaint in his legal name.

## IV. CONCLUSION

For the foregoing reasons, UHHS respectfully requests this Court deny Plaintiff's request to proceed under a pseudonym.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Alyssa M. Belli (0096623)
Gordon Rees Scully Mansukhani, LLP
127 Public Square, Suite 5130
Cleveland, Ohio 44114
Phone: (216) 302-2531
Fax: (216) 539-0026
dcampbell@grsm.com
ambelli@grsm.com

*Attorneys for Defendant University Hospitals Health System, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September 2026, the foregoing was filed through the Court's CM/ECF electronic filing system and will be served upon all counsel of record.

*/s/ David A. Campbell*_____________
David A. Campbell (0066494)

*One of the attorneys for Defendant*